UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBIO CANLAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>U.S. DEPARTMENT OF THE TREASURY, et al.,<br><br>　　　　　Defendants. | Case No. 20-cv-02470-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 16 |

　　　　Canlas's Veteran's Preference Act claim is dismissed for lack of subject matter jurisdiction, without leave to amend. His claim under the Veterans Employment Opportunities Act is dismissed for failure to state a claim, and that dismissal is with prejudice. His Equal Pay Act claim is dismissed for lack of subject matter jurisdiction, with leave to amend. His claims under Title VII are both dismissed for failure to state a claim, with leave to amend.

　　　　A federal district court may only hear cases over which it has subject matter jurisdiction. When subject matter jurisdiction is challenged via a motion to dismiss under Rule 12(b)(1), the plaintiff bears the burden of proving that jurisdiction exists.

　　　　When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must provide more than an "unadorned, the-defendant-unlawfully-

harmed-me accusation" by alleging facts that plausibly support an inference that the defendant's actions violated some law. *Id*.

At the motion to dismiss stage, a court's evaluation is limited to the contents of the complaint itself, with some exceptions. Where, as here, a plaintiff makes factual concessions in response to a motion to dismiss, a court may treat those as having been included in the complaint. *See Schatz v. Republican State Leadership Committee*, 669 F.3d 50, 55 – 56 (1st Cir. 2012); *Haynish v. Bank of America*, No. 17-cv-01011-HRL, 2018 WL 244516, at *2 (N.D. Cal. 2018).

Veterans' Preference Act

Canlas states that he is a veteran and alleges that because of that status the OCC's rescission of his job offer violates the Veterans' Preference Act. This claim must be dismissed for lack of subject matter jurisdiction. The United States government possesses the right of sovereign immunity, meaning that it cannot be sued in federal court unless it waives that immunity. The Veterans' Preference Act does not include any such waiver. *Blue v. Widnall*, 162 F.3d 541, 544–45 (9th Cir. 1998). Dismissal is without leave to amend.

Veterans Employment Opportunities Act

Canlas also alleges that the rescission of the job offer violates the Veterans Employment Opportunities Act. The VEOA requires that veterans who apply for jobs listed as "merit promotion" positions be given an opportunity to apply and compete, but that they receive no other special entitlements. *Joseph v. F.T.C.*, 505 F.3d 1380, 1382 (Fed. Cir. 2007). Here, Canlas plainly alleges that he was able to apply and compete for the OCC position—he was, in fact, offered the job. Because there are no facts Canlas could properly allege to make his VEOA claim plausible, this claim is dismissed with prejudice.

Equal Pay Act

Canlas also contends that the OCC's decision to lower his salary offer violated the Equal Pay Act. 29 U.S.C. § 206(d)(1). Canlas appears to be correct that curing a sex-based wage differential by lowering the salary of any employee violates the plain text of that provision.

However, the Court of Federal Claims has exclusive jurisdiction over Equal Pay Act claims for more than $10,000 in damages. *Weber v. Hurtgen*, 297 F.Supp.2d 58, 62 (D.D.C. 2003). That means federal district courts, including this Court, do not have jurisdiction over EPA claims unless the damages sought will be less than or equal to $10,000. Here, Canlas states that he seeks back pay, front pay, lost benefits, and compensation for pain and suffering. The total amount is likely to exceed $10,000, and without allegations or evidence to the contrary this Court cannot exercise jurisdiction. The cases Canlas cites to assert that "mixed cases" including Title VII claims can be brought to district court are irrelevant, because "mixed" in that context means that a plaintiff has brought claims under the Civil Service Reform Act as well as antidiscrimination laws, rather than under several different antidiscrimination laws. *Compare id.* (dismissing Equal Pay Act claim for lack of jurisdiction when plaintiff also brought a Title VII claim) *to Perry v. Merit Systems Protection Board*, 137 S. Ct. 1975, 1980 (2017) (addressing cases with claims under the CSRA and Title VII). The Equal Pay Act claim is therefore dismissed for lack of subject matter jurisdiction. This dismissal is with leave to amend—if Canlas does not seek more than $10,000 in damages, he may specify that in an amended complaint.

<u>Title VII</u>

Finally, Canlas's complaint alludes to the possibility that the OCC's actions violated Title VII of the Civil Rights Act of 1991, which prohibits discrimination on the basis of sex and further prohibits relation against employees for complaining about possible violations of that Act. 42 U.S.C. § 2000e-3. He appears to assert two types of claims: a disparate treatment claim, and a retaliation claim.

First, Canlas's complaint and briefs could be interpreted as arguing that the OCC's offer of two different salaries to two candidates for the same job and subsequent resolution of that disparity by lowering his offer constituted disparate treatment on the basis of sex. To state a disparate treatment claim under Title VII, a plaintiff must allege facts showing that discrimination on the basis of a protected status—race, color, religion, sex, or national origin—was a motivation for the employer's actions. *University of Texas Southwestern Medical Center v.*

*Nassar*, 570 U.S. 338, 343 (2013). Far from alleging that he initially received a better offer because of his sex, Canlas recites facts (in his complaint and opposition brief) from which a trier of fact could only conclude that the two different salaries were the result of nothing more than poor communication within OCC. Specifically, Canlas asserts that "the OCC came up with 2 different offers because it had empowered 2 different hiring managers to determine the salary offers [for each slot]." And to the extent Canlas is attempting to argue that the OCC violated Title VII when it reduced his salary offer to match Bevan's, the text of Title VII (unlike the text of the Equal Pay Act) does not expressly prohibit curing disparities by "leveling down," and Canlas has not cited any case law interpreting Title VII to preclude this. In any event, as already noted, the facts alleged by Canlas in his complaint and opposition brief create an overwhelming inference that the decision to reduce his offer was merely a sex-neutral effort to resolve an administrative error.

Second, Canlas claims that the ultimate rescission of his job offer was retaliation for his "asking about salary information to uncover potentially discriminatory wages." To succeed on a Title VII retaliation claim, a plaintiff must show that retaliation for a protected activity—such as complaining about discriminatory treatment—was a but-for cause of an adverse employment action. *Nassar*, 570 U.S. at 352. Canlas does not adequately allege this. Merely asking why his salary offer was changed is not protected activity, and Canlas does not allege that he told the OCC he was concerned that the change was discriminatory or otherwise legally problematic. Moreover, even if Canlas could adequately allege that he engaged in protected activity, the statements in his opposition to the motion render implausible any inference that the protected activity was a but-for cause of the rescission. Indeed, considering Canlas's complaint and his opposition brief together, it is difficult to escape the conclusion that OCC revoked his offer because he was already demonstrating that he would be a problem employee—not because of any protected activity but because he had unreasonably told OCC that he was unwilling to work alongside Ms. Bevan.

It seems quite doubtful, given the concessions he has already made, that Canlas could

successfully amend his complaint to state a claim under Title VII, whether for retaliation or differential treatment because of sex. But in an abundance of caution—and particularly because he's representing himself—dismissal of the Title VII claims is with leave to amend.

* * *

If Canlas wishes to file an amended complaint consistent with this ruling, he must do so within 21 days. All allegations must be included in the amended complaint itself; it is not sufficient for an amended complaint to refer back to prior filings.

**IT IS SO ORDERED.**

Dated: November 12, 2020

VINCE CHHABRIA
United States District Judge